# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **OWNERS INSURANCE COMPANY and HOME-OWNERS INSURANCE COMPANY,**<br><br>  Plaintiffs,<br><br>  v.<br><br>**COMFORT AIR CORPORATION, STEPHEN ROSS, MARY KAY ROSS, WILLIAM KINKEBEIN, and THE INSTITUTE FOR PERSONALIZED MEDICINE, LLC,**<br><br>  Defendants. | 1:17-cv-1092-WSD |

## OPINION AND ORDER

This matter is before the Court on Defendant Comfort Air Corporation's Motion to Transfer Venue or, in the Alternative, for Partial Summary Judgment on the Pleadings and to Stay Other Proceedings [26] ("Motion to Transfer").

## I. BACKGROUND

On March 27, 2017, Plaintiffs Owners Insurance Company and Home-Owners Insurance Company (together, "Plaintiffs") filed their Complaint [1] seeking a declaratory judgment with respect to an underlying insurance action. In the underlying action, the plaintiffs have alleged damage to

their residence, including mold growth and damage to furniture and other personal belongings. Plaintiffs' declaratory judgment Complaint alleges that Defendant Comfort Air Corporation has its principal place of business in Chatham County, Georgia. Defendants Mary Kay Ross and Stephen Ross reside in Chatham County, Georgia. Defendant William Hinkebein is a citizen of Virginia. Stephen and Mary Kay Ross are the members of Defendant The Institute for Personalized Medicine, LLC. The property at issue is in Savannah, Georgia. The underlying litigation is pending in the State Court of Chatham County, Georgia.

On June 13, 2017, Defendant Comfort Air Corporation filed its Motion to Transfer, seeking to transfer this action to the Savannah Division of the United States District Court for the Southern District of Georgia. On June 27, 2017, Plaintiffs filed their response [29], stating that Plaintiffs consent to the transfer of this action, and that Comfort Air Corporation has agreed to withdraw the remainder of its motion related to partial summary judgment.

## II. DISCUSSION

A civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Venue is not proper in this district under Section 1391(b)(1), because not all defendants reside in Georgia. Venue also is not proper under subsection (2) because there are no allegations in the Complaint to support that a substantial part of the events or omissions giving rise to the declaratory action occurred here, and the property at issue is not located here. Because, as discussed below, this action could have been brought in the Southern District of Georgia, venue is also not proper in this district under subsection (3).

Because venue is not proper in this district, Comfort Air Corporation's Motion to Transfer must be considered under 28 U.S.C. § 1406(a), which provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U .S.C. §1406(a). This action could have been brought in the Southern District of Georgia, because a substantial part of the events or omissions giving rise to the claim occurred there, and the property at issue is located there. See 28 U.S.C. § 1391(b)(2). Based upon the record before the Court, and based upon the consent of the parties, the Court finds that transferring this action to the Savannah Division

of the United States District Court for the Southern District of Georgia is in the interest of justice. Defendant Comfort Air Corporation's Motion to Transfer is granted, and this action is transferred to the Savannah Division of the United States District Court for the Southern District of Georgia pursuant to 28 U.S.C. § 1406(a).

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Comfort Air Corporation's Motion to Transfer Venue or, in the Alternative, for Partial Summary Judgment on the Pleadings and to Stay Other Proceedings [26] is **GRANTED**. This action is **TRANSFERRED** to the Savannah Division of the United States District Court for the Southern District of Georgia pursuant to 28 U.S.C. § 1406(a).

**SO ORDERED** this 29th day of June, 2017.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE